IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

FILED
August 28, 2023
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____pg_____
          DEPUTY

| | |
|---|---|
| HOLMAN-FARRAR HOLDINGS, LLC, § § § *Plaintiff,* § § v. § § OLD REPUBLIC NATIONAL TITLE § INSURANCE COMPANY, § § *Defendant.* § | C.A. NO. 1:22-cv-00937-DAE |

## DEFENDANT'S FIRST AMENDED
## ANSWER TO PLAINTIFF'S ORIGINAL PETITION

Defendant Old Republic National Title Insurance Company ("Old Republic") files its first amended answer to Plaintiff's Original Petition (Doc. 1-1, the "Complaint") brought by Holman-Farrar Holdings, LLC ("Holman-Farrar") and states:

### I. DISCOVERY CONTROL PLAN

1. States that the allegations in paragraph 1 are moot with removal of this action to this Court.

### II. PLAINTIFF

2. Admits the allegations contained in paragraph 2 on information and belief.

### III. DEFENDANT

3. Denies that Old Republic is a Texas domestic for-profit corporation and states that it is a Florida corporation; admits that it is licensed to conduct business in Texas and admits, for purposes of this action only, that it has been served with process.

4. Denies the allegations contained in paragraph 4, except admits for purposes of this action only that the Court has jurisdiction over it.

## IV. VENUE

5. States the venue allegations in paragraph 5 are moot given the removal of this action but admits that venue in this Court is proper because this case was removed from a state court within this District and Division.

## V. JURISDICTION

6. Denies that Holman-Farrar is entitled to any of the relief requested in paragraph 6 but admits that the Court has jurisdiction over this action under 28 U.S.C. § 1332(a)(1).

## VI. FACTS

7. Admits, upon information and belief, the allegations in paragraph 7 regarding Holman-Farrar's June 28, 2018 purchase of the property located at 1900 RR 12, San Marcos, Texas 78666 and 1850 RR 12, San Marcos, Texas 78666 (the "Property"); denies that Holman-Farrar hired Old Republic "to perform a title search;" admits that Old Republic issued the Owner's Policy of Title Insurance attached as Exhibit 1 to the Complaint (the "Policy") to Holman-Farrar insuring, subject to its terms and conditions, title to the Property; states that the Policy, including its exceptions from coverage, speaks for itself; states that the September 9, 1998 Deed (the "Deed") and Reciprocal Easement Agreement ("Easement") referenced in this paragraph speak for themselves; states that it is without information sufficient to admit or deny the allegations in this paragraph

regarding the Property's and neighboring property's water source, and therefore denies them; and denies the remaining allegations in paragraph 7.

8. Old Republic is without information sufficient to admit or deny the allegations in paragraph 8, and they are therefore denied.

### VII.  CAUSE OF ACTION

9. With respect to the allegations in paragraph 9, states that Old Republic accepted coverage for Holman-Farrar's claim under the Policy based on the Deed and Easement (the "Claim") and retained an attorney to represent Holman-Farrar in accordance with paragraph 5(b) of the Conditions of the Policy; states that it is without information sufficient to admit or deny the allegations regarding the physical condition of the Property, market conditions, or Holman-Farrar's development plans for the Property, and therefore denies them; denies that any of Holman-Farrar's complaints in this paragraph are covered by the Policy; denies the remaining allegations contained in paragraph 9 and that Holman-Farrar is entitled to any of the relief requested therein.

### VIII.  ATTORNEY'S FEES AND COSTS

10. Denies the allegations contained in paragraph 10 and that Holman-Farrar is entitled to any of the relief requested therein.

### IX.  JURY DEMAND

11. Admits that Holman-Farrar demanded a jury in the prior state court action.

### X.  INITIAL DISCLOSURES

12. States that the allegations in paragraph 12 are moot with removal of this action to this Court.

## XI. PRAYER

13. Denies that Holman-Farrar is entitled to any of the relief requested in its prayer or in any part of the Complaint.

14. Denies all allegations not specifically admitted herein.

## XII. AFFIRMATIVE DEFENSES

15. The Complaint fails to state a claim upon which relief may be granted.

16. Holman-Farrar's claims for damages, if any, are defined and limited to the terms of the Policy.

17. Holman-Farrar's claims are barred, in whole or in part, by the contractual disclaimers, limitations, and exclusions contained in the Policy.

18. Holman-Farrar's claims are barred, in whole or in part, because the basis for the Claim was excluded, released, and terminated such that Holman-Farrar has not sustained any loss or damage by reason of any matters insured against by the Policy.

19. Holman-Farrar's claims are barred, in whole or in part, because Holman-Farrar failed to cooperate with Old Republic and/or counsel retained by Old Republic to represent Holman-Farrar in curative efforts and Holman-Farrar voluntarily entered into a settlement without Old Republic's consent.

20. Holman-Farrar's claims are barred, in whole or in part, by the failure to mitigate its damages, if any.

21. Holman-Farrar's claims are barred, in whole or in part, because Old Republic's actions were privileged or justified, good faith exercises of its own legal rights, or good faith claims to colorable legal rights.

22. Holman-Farrar's claims under the Policy are barred and/or limited, in whole or in part, by applicable Exclusions from Coverage, including the following provision in the Policy:

**EXCLUSIONS FROM COVERAGE**

3. Defects, liens, encumbrances, adverse claims, or other matters:

(c) resulting in no loss or damage to the Insured Claimant;

23. Holman-Farrar's claims under the Policy are barred and/or limited, in whole or in part, by the Conditions of the Policy, including without limitation, Conditions 3, 4, 5, 6, 7, 8, 9, 12, and 15.

## XIII.  PRAYER

24. Old Republic requests the following relief:

    a. That Holman-Farrar take nothing by reason of its claims;

    b. That Holman-Farrar's claims against Old Republic be dismissed with prejudice;

    c. That Old Republic recover its costs; and

    d. That Old Republic have such other and further relief, both general and special, at law and in equity, to which it may show itself justly entitled.

Dated:   August 25, 2023

Respectfully submitted,

By: */s/ Stoker G. Burt*
Don Colleluori
State Bar No. 04581950
don.colleluori@figdav.com
Amanda Sotak
State Bar No. 24037530
amanda.sotak@figdav.com
Stoker G. Burt
State Bar No. 24116151
stoker.burt@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202
(214) 939-2000
(214) 939-2090 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was filed on August 25, 2023, via the Court's ECF filing system and subsequently all counsel in this matter deemed to accept service electronically will be notified via the Court's ECF filing system.

*/s/ Stoker G. Burt*
Stoker G. Burt