# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **HOLMAN-FARRAR HOLDINGS, LLC,** *Plaintiff* | § § § § | |
| v. | § § | Case No. 1:22-CV-00937-DAE |
| **OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,** *Defendant* | § § § § § | |

## ORDER

Before the Court are Defendant's Motion to Exclude Expert Testimony, filed October 10, 2023 (Dkt. 19); Plaintiff's Response, filed October 17, 2023 (Dkt. 22); and Defendant's Reply, filed October 24, 2023 (Dkt. 24). By Text Order issued October 13, 2023, the District Court referred the motion and related filings to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

## I.  Background

Holman-Farrar Holdings, LLC brings this title insurance coverage lawsuit against its insurer Old Republic National Title Insurance Company. On June 28, 2018, Holman-Farrar purchased commercial property located on Ranch Road 12 in San Marcos, Texas 78666 ("Property") "with the intent to demolish the existing building and replace it with a modern 3-story climate-controlled facility." Dkt. 1-1 at 6. Holman-Farrar alleges that it hired Old Republic to perform a title search and insure the Property. Old Republic issued Holman-Farrar an Owner's Policy of Title Insurance, which covered "[a]ny defect in or lien or encumbrance on the Title," subject to certain exclusions. *Id.* at 10.

Holman-Farrar alleges that several months after it purchased the Property, it became aware that a 1987 Deed and a 1997 Reciprocal Easement (collectively, "Encumbrance") on the Property allowed a neighboring landowner, "Crestwood," to use the septic system on the Property for sewage water disposal. *Id.* at 6. Although the Encumbrance affected the Property, Holman-Farrar alleges that "Old Republic, or its agent, did not provide to Holman-Farrar any notice of or copies of the Deed or Easement in any Commitment for Title Insurance or the Policy." *Id.* at 9. Holman-Farrar alleges that "Crestwood's use of the septic system has overburdened it and caused Holman-Farrar to incur out of pocket costs in excess of $183,000.00 and those costs increase as more work and attorney fees are incurred." *Id.* Litigation between Holman-Farrar and Crestwood ensued.

Holman-Farrar submitted a claim to Old Republic regarding the Encumbrance, and Old Republic retained counsel for Holman-Farrar. Plaintiff alleges that "counsel was not able to resolve the problems caused by the Encumbrance in a timely manner and Holman-Farrar was forced to seek out alternative counsel to do so at their own expense." Dkt. 22 at 1. Old Republic alleges that Holman-Farrar entered into a settlement with Crestwood without Old Republic's consent.

During settlement negotiations with Crestwood, Holman-Farrar filed this suit in state court against Old Republic for breach of the Policy, seeking to recover its out-of-pocket costs related to the "overburdened" septic system, damages from an alleged lost sale of the Property, and lost profits from its unrealized development plans for the Property. *Holman-Farrar Holdings, LLC v. Old Republic Nat'l Title Ins.,* No. 22-1401 (22nd Dist. Ct. Hays County, Tex. June 28, 2022) (Dkt. 1-1 at 4-8). Old Republic denies that it breached the Policy, raises lack of cooperation and settlement without consent defenses, and asserts that Holman-Farrar's claimed damages are not covered under the Policy. On September 15, 2022, Old Republic removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1.

The Court's Scheduling Order required Holman-Farrar to designate any experts under Rule 26(a)(2)(B) by July 31, 2023. Dkt. 12 ¶ 4. Holman-Farrar filed its Designations of Expert Witnesses on the last day of the deadline, designating three expert witnesses: (1) Brian Walters, a business valuation consultant, to testify as to Holman-Farrar's financial losses from purchasing the Property; (2) Randy Posey, a property appraiser, to testify that the Encumbrance decreases the value of the Property; and (3) Patrick Brown, a real estate consultant, also to testify that the Encumbrance decreases the Property's value. Dkt. 13. Holman-Farrar attached the designated experts' CVs, but did not serve any of the other materials required by Rule 26(a)(2)(B).

Old Republic now moves to exclude all three of Holman-Farrar's damage experts under Rule 37(c)(1). Old Republic alleges that although it notified Holman-Farrar of its Rule 26(a)(2)(B) deficiencies, Holman-Farrar has not supplemented its designations.

## II.   Analysis

Rule 26(a)(2)(A) requires a party to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If the witness "is one retained or specially employed to provide expert testimony in the case," the disclosure must also include a written report containing (1) "a complete statement of all opinions the witness will express and the basis and reasons for them;" (2) "the facts or data considered by the witness in forming them;" (3) "any exhibits that will be used to summarize or support them;" (4) "the witness's qualifications, including a list of all publications authored in the previous 10 years;" (5) "a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition;" and (5) "a statement of the compensation to be paid for the study and testimony in the case." FED. R. CIV. P. 26(a)(2)(B)(i-vi).

3

If a party fails to provide information or identify a witness as required by Rule 26(a)(2)(B), Rule 37(c)(1) provides that "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless that failure was substantially justified or is harmless." But rather than excluding the information or witness, the district court "may order alternative sanctions as well, such as awarding costs and attorneys' fees to the other parties." *In re Complaint of C.F. Bean LLC*, 841 F.3d 365, 372 (5th Cir. 2016) (citing Rule 37(c)(1)(A)-(C)).

"District courts consider four factors when determining whether to exclude expert evidence as a sanction for the violation of a scheduling order." *Certain Underwriters at Lloyd's, London v. Axon Pressure Prod. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020). These include: (1) the explanation for the failure to identify the information; (2) the importance of the information; (3) potential prejudice in allowing the information; and (4) the availability of a continuance to cure such prejudice. *Id.* The Fifth Circuit has emphasized "that continuance, not exclusion, is the preferred means of dealing with a party's attempt to designate a witness out of order or offer new evidence." *E.E.O.C. v. Gen. Dynamics Corp.*, 999 F.2d 113, 116 (5th Cir. 1993).

### 1. Holman-Farrar's Explanation

In its Response, Holman-Farrar argues that despite its "diligent efforts," it "has not yet received complete reports from the designated experts. They anticipate receiving those reports within the next two weeks and will provide them to Old Republic as soon as they are able to." Dkt. 22 at 4. Holman-Farrar does not describe its "diligent efforts" and thus fails to offer an adequate explanation for its failure to timely disclose the expert reports. Accordingly, the first factor favors exclusion. *See 1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991) (concluding that exclusion of expert witness "is particularly appropriate" when the party has "failed to provide an adequate explanation for their failure to identify their expert within the designated timetable").

4

### 2. Importance of Testimony

The Court agrees with Holman-Farrar that the designated witnesses' testimony is important to its case because these witnesses are essential to prove its claims for damages. *Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (finding second factor weighed against exclusion where expert's testimony was essential to prove plaintiff's damages). The second factor weighs against exclusion.

### 3. Prejudice and Cure

The Court finds that allowing Holman-Farrar to serve their expert reports after the deadline will not unduly prejudice Old Republic because discovery does not close until January 29, 2024, and the District Court has not yet set the case for trial. Moreover, any potential prejudice from the delay will be alleviated by extending Old Republic's deadlines to respond. *See Guerra v. United States*, EP-18-CV-00270-FM, 2019 WL 7761441, at *2 (W.D. Tex. Nov. 7, 2019) (finding that failure to disclose evidence in initial disclosures did not require Rule 37 exclusion where plaintiff received the evidence two months before close of discovery and four months before trial). As stated, continuance of deadlines and not exclusion is the preferred means of dealing with a party's attempt to offer new evidence. *E.E.O.C.*, 999 F.2d at 116.

### III. Conclusion

Old Republic's Motion to Exclude Expert Testimony (Dkt. 19) is **DENIED**. The Court **AMENDS** the Scheduling Order as follows:

(1) Holman-Farrar must serve Old Republic with the materials required by Rule 26(a)(2)(B) by **January 31, 2024**; and

(2) Old Republic will be allowed sixty days from Holman-Farrar's service of its Rule 26(a)(2)(B) to designate responsive experts.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

**SIGNED** on January 15, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE