IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HOLMAN-FARRAR HOLDINGS, LLC, | § § § § § § § § § § § § § | |
| *Plaintiff,* | | |
| v. | | C.A. NO. 1:22-cv-00937-DAE |
| OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY, | | |
| *Defendant.* | | |

**DEFENDANT'S MOTION TO EXCLUDE EXPERT TESTIMONY OF
LEZLEE LILJENBERG AND BRIEF IN SUPPORT**

Don Colleluori
State Bar No. 04581950
don.colleluori@figdav.com
Amanda Sotak
State Bar No. 24037530
amanda.sotak@figdav.com
Stoker G. Burt
State Bar No. 24116151
stoker.burt@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202-3776
(214) 939-2000 – telephone
(214) 939-2090 – facsimile

**ATTORNEYS FOR DEFENDANT OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY**

Defendant Old Republic National Title Insurance Company ("Old Republic") moves to exclude the testimony of Lezlee Liljenberg ("Liljenberg"), a purported expert designated by Plaintiff Holman-Farrar Holdings, LLC ("Holman-Farrar"), for the first time on January 31, 2024 [Doc. 26, the "Amended Designations"], and states:

## I. INTRODUCTION

This is a suit for breach of an owner's policy of title insurance. In connection with Holman-Farrar's 2016 purchase of property located at 1900 RR 12 and 1850 RR 12, San Marcos, Texas 78666 (the "Property"), Old Republic issued the policy, insuring subject to its terms, against "any defect in or lien or encumbrance on" Holman-Farrar's title to the Property (the "Policy"). Several years later, Holman-Farrar submitted a claim to Old Republic under the Policy based on a deed and reciprocal easement agreement allowing a neighboring landowner to use the septic system located on the Property (the "Encumbrance"). In 2020, Old Republic accepted coverage for the claim under the Policy and retained counsel for Holman-Farrar to resolve the Encumbrance. While those efforts were ongoing, Holman-Farrar filed this suit against Old Republic for breach of the Policy, seeking to recover its out-of-pocket costs related to the "overburdened" septic system, damages from an allegedly lost sale, and lost profits from its unrealized development plans for the Property. Since filing the lawsuit, Holman-Farrar entered into a settlement with the neighboring landowner resolving the Encumbrance. That settlement was reached without retained counsel's involvement and without Old Republic's consent. For its part, Old Republic denies it breached the Policy, raises lack of cooperation and

settlement without consent defenses, and asserts that Holman-Farrar's claimed damages are not covered by title insurance in any event.

## II. RELEVANT PROCEDURAL HISTORY

Under the Scheduling Order, Holman-Farrar was required to designate experts on or before July 31, 2023. [*See* Doc. 12.] On July 31, 2023, Holman-Farrar filed its Designation of Expert Witnesses, designating Brian Walters, Randy Posey, and Patrick Brown as retained experts. [Doc. 13, the "Designations".] On October 10, 2023, Old Republic moved to exclude Brian Walters, Randy Posey, and Patrick Brown on the grounds that Holman-Farrar failed to produce any of the information required by FED. R. CIV. P. 26(a)(2)(B) with the Designations. [Doc. 19, the "Motion to Exclude".] In its response to the Motion to Exclude, Holman-Farrar asserted that it "anticipate[d] receiving [] reports within the next two weeks and will provide them to Old Republic as soon as they are able to." [Doc. 23 at 4.] Holman-Farrar never produced reports supporting the Designations.

On January 15, 2024, the Court denied the Motion to Exclude, ordering Holman-Farrar to produce the materials supporting the Designations by January 31, 2024. [Doc. 25.] Rather than do so,[1] Holman-Farrar filed the Amended Designations, disclosing for the first time an entirely new purported expert, Liljenberg. She opines, among other

---

[1] To the extent necessary, Old Republic hereby re-urges the Motion to Exclude any testimony from Brian Walters, Randy Posey, and Patrick Brown in this case. [*See* Docs. 19 and 24.] It has now been over eight months since the Designations and Holman-Farrar has failed to produce the materials required by Rule 26 despite being given every opportunity to do so. Holman-Farrar's Amended Designations presumably operate to de-designate Brian Walters, Randy Posey, and Patrick Brown such that the Motion to Exclude is moot. However, out of an abundance of caution, Old Republic requests an order excluding any testimony of Brian Walters, Randy Posey, and Patrick Brown in this matter.

things, in her report that: (1) Old Republic breached a fiduciary duty owed to Holman-Farrar and/or its "professional standard of care;" (2) the "presence of an Error and Omission in providing [Holman-Farrar] all the necessary documents for his [sic] review exists;" (3) Old Republic engaged in "Negligence of Duty and lack of Due Diligence;" (4) Old Republic "acted in bad faith in resolving the insurance claim;" and (5) Old Republic "violated the standards of the Texas Deceptive Trade Practices Act (DTPA)." [*See* Doc. 26-1 (the "Report").] Even if Holman-Farrar's designation was considered timely,[2] Liljenberg's proffered testimony must be excluded for the reasons explained below.

### III.  LILJENBERG'S OPINIONS SHOULD BE EXCLUDED

#### A.  LILJENBERG IS NOT QUALIFIED

Liljenberg is not qualified to render the opinions in her Report. Of course, Rule 702 requires that Liljenberg be qualified to offer an opinion as an expert based on her knowledge, skill, experience, training, or education. FED. R. EVID. 702.[3] Despite her "39 years in the real estate industry," there is nothing in Liljenberg's resume (or Holman-Farrar's Amended Designation) showing any of that experience involves title insurance underwriting, title searches, issuing title insurance policies in Texas, or claims handling standards under a title insurance policy. [*See* Doc. 26-2.] Indeed, the words "title

---

[2] Old Republic objects to Holman-Farrar's designation of Liljenberg over six months after the Scheduling Order deadline. In the unlikely event the Court permits Liljenberg to testify despite the problems identified herein, Old Republic reserves all rights with respect to Holman-Farrar's untimely designation of Liljenberg.

[3] *See also Wilson v. Woods*, 163 F.3d 935, 937 (5th Cir. 1999) (a Court "must be assured that the proffered witness is qualified to testify by virtue of his knowledge, skill, experience, training, or education."); *Gen. Elec. Co. v. Joiner*, 522 U.S. 136, 142 (1997); *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 589 (1993); *Pipitone v. Biomatrix, Inc.*, 288 F.3d 239, 244 (5th Cir. 2002) (a Court must perform a "gatekeeping" function to ensure that his opinions are both reliable and relevant).

insurance" do not appear anywhere in her curriculum vitae or list of prior depositions and testimony. [Docs. 26-2, 26-3.] Liljenberg's claimed general "Insurance" and "Real Estate" experience is not enough. In short, Holman-Farrar has not met its burden to show that Liljenberg is qualified to render opinions about what Old Republic's alleged duties or "professional standard of care" were in issuing the Policy or handling Holman-Farrar's claim under it based on the Encumbrance, much less whether Old Republic satisfied them. Nor does Liljenberg explain what the unfounded opinions in her Report are based on. For these reasons alone, Liljenberg's testimony should be excluded.

B.  **LILJENBERG'S OPINIONS ARE NOT RELIABLE**

Liljenberg's lack of qualifications is apparent. To the extent her opinions are even intelligible, they are wrong and contrary to well-settled Texas law. First, there is no cognizable negligence claim under Texas law in connection with a title search, and Liljenberg's opinions that Old Republic failed to comply with a "professional standard of care," was negligent, acted in bad faith, violated the DTPA, and/or wrongfully omitted the Encumbrance in the commitment for the Policy are incorrect statements of Texas title insurance law.[4] Second, Liljenberg's opinions that Old Republic owed Holman-Farrar a

---

[4] *See, e.g., Hahn v. Love,* 394 S.W.3d 14, 35 (Tex. App.—Houston [1st Dist.] 2012, pet. denied) ("the only duty [a title insurance [policy] imposes is the duty to indemnify the insured against losses caused by defects in title which are not excepted by the policy."); *Martinka v. Commonwealth Land Title Ins. Co.,* 836 S.W.2d 773, 777 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("A title insurance company is not a title abstractor and owes no duty to examine a title or point out any outstanding encumbrances."); *see generally IQ Holdings, Inc. v. Stewart Title Guar. Co.*, 451 S.W.3d 861, 873 (Tex. App.—Houston [1st Dist.] 2014, no pet.) (holding that a title insurer did not owe a legal duty to its insured to provide it with title coverage beyond the scope of the written policy or to disclose risks that the policy did not cover).

fiduciary duty in connection with issuing the Policy are likewise misstatements of law.[5] Liljenberg's opinions in the Report are plainly unreliable, based on nothing more than her say so, and should be excluded.

### C. LILJENBERG'S OPINIONS ARE NOT HELPFUL

Not only are Liljenberg's opinions unreliable, they also will not "assist the trier of fact to understand the evidence or to determine a fact in issue" as required to be admissible. FED. R. EV. 702(a). In this regard, the only claim in Holman-Farrar's live pleading is for Old Republic's alleged breach of the Policy. [*See* Doc. 1-1.] Accordingly, Liljenberg's opinions about Old Republic's alleged failure to comply with negligence standards of care or fiduciary duties, alleged bad faith, and supposed violations of the DTPA are irrelevant to and unhelpful for the factfinder's determination of any "fact in issue" on Holman-Farrar's breach of the Policy claim. Moreover, many of Liljenberg's opinions speak to questions of law rather than fact and thus are not helpful to the factfinder either. [*See* Report (opining about the alleged duties owed by Old Republic, the "Burden of Proof," and the meaning of the Policy).] What the burden of proof is, whether a duty exists, and what the Policy terms mean are issues of law are for the Court to decide,[6] and the Court is perfectly capable of doing so without Liljenberg's help. For these reasons as well, Liljenberg's proffered testimony should be excluded.

---

[5] *See Holder-McDonald v. Chicago Title Ins. Co.*, 188 S.W.3d 244, 247-48 (Tex. App.—Dallas 2006, pet. denied) (distinguishing between escrow agent and title insurer roles and holding title insurer owes no fiduciary duty to its insureds "in its capacity as title insurer").

[6] *See, e.g., Dernick Res., Inc. v. Wilstein,* 312 S.W.3d 864, 877 (Tex. App.—Houston [1st Dist.] 2009, no pet.) (whether a fiduciary duty exists is a question of law).

### D.  LILJENBERG'S OPINIONS ARE PREJUDICIAL, CONFUSING, AND MISLEADING

Even if any of Liljenberg's opinions in the Report were admissible or relevant (they are neither), Liljenberg's proffered testimony should be excluded because any probative value it may have is substantially outweighed by the danger of unfair prejudice to Old Republic, confusing the issues, and misleading the jury. *See* FED. R. EVID. 403.

## IV.  CONCLUSION

For all the reasons explained above, Old Republic requests that the Court grant this motion and exclude any testimony or opinions of Liljenberg offered by Holman-Farrar.

Dated:   February 14, 2024	Respectfully submitted,

By: /s/ *Stoker G. Burt*
Don Colleluori
State Bar No. 04581950
don.colleluori@figdav.com
Amanda Sotak
State Bar No. 24037530
amanda.sotak@figdav.com
Stoker G. Burt
State Bar No. 24116151
stoker.burt@figdav.com

**FIGARI + DAVENPORT, LLP**
901 Main Street, Suite 3400
Dallas, Texas 75202-3776
(214) 939-2000 – telephone
(214) 939-2090 – facsimile

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of this document was filed on February 14, 2024, via the Court's ECF filing system and subsequently all counsel in this matter deemed to accept service electronically will be notified via the Court's ECF filing system.

*/s/ Stoker G. Burt*
Stoker G. Burt