# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | |
|---|---|
| **HOLMAN-FARRAR HOLDINGS, LLC,** *Plaintiff* § § § § | |
| v. § | Case No. 1:22-CV-00937-DAE |
| **OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY,** *Defendant* § § § § § | |

## ORDER

Before the Court are Defendant's Motion to Exclude Expert Testimony of Lezlee Liljenberg, filed February 14, 2024 (Dkt. 29); Plaintiff's Response, filed February 26, 2024 (Dkt. 31); and Defendant's Reply, filed March 1, 2024 (Dkt. 32). By Text Order entered February 15, 2024, the District Court referred the motion to this Magistrate Judge for disposition, pursuant to 28 U.S.C. § 636(b)(1)(A), Federal Rule of Civil Procedure 72, and Rule 1(c) of Appendix C of the Local Rules of the United States District Court for the Western District of Texas.

### I.   Background

**A. Facts**

Holman-Farrar Holdings, LLC brings this title insurance coverage lawsuit against its insurer Old Republic National Title Insurance Company. Holman-Farrar purchased commercial property on Ranch Road 12 in San Marcos, Texas ("Property") "with the intent to demolish the existing building and replace it with a modern 3-story climate-controlled facility." Dkt. 1-1 at 6. Holman-Farrar alleges that it hired Old Republic to perform a title search and insure the Property. Old Republic issued Holman-Farrar an Owner's Policy of Title Insurance, which covered "[a]ny defect in or lien or encumbrance on the Title," subject to certain exclusions. *Id.* at 10.

1

Holman-Farrar alleges that several months after it purchased the Property, it learned that a 1987 Deed and a 1997 Reciprocal Easement (collectively, "Encumbrance") on the Property allowed a neighboring landowner, "Crestwood," to use the septic system on the Property for sewage water disposal. *Id.* at 6. Although the Encumbrance affected the Property, Holman-Farrar alleges that "Old Republic, or its agent, did not provide to Holman-Farrar any notice of or copies of the Deed or Easement in any Commitment for Title Insurance or the Policy." *Id.* at 9. Holman-Farrar alleges that "Crestwood's use of the septic system has overburdened it and caused Holman-Farrar to incur out of pocket costs in excess of $183,000.00 and those costs increase as more work and attorney fees are incurred." *Id.* Litigation between Holman-Farrar and Crestwood followed.

Holman-Farrar submitted a claim to Old Republic regarding the Encumbrance, and Old Republic retained counsel for Holman-Farrar. Holman-Farrar alleges that "counsel was not able to resolve the problems caused by the Encumbrance in a timely manner and Holman-Farrar was forced to seek out alternative counsel to do so at their own expense." Dkt. 22 at 1. Old Republic alleges that Holman-Farrar entered into a settlement with Crestwood without its consent.

During settlement negotiations with Crestwood, Holman-Farrar filed this suit in state court against Old Republic for breach of the Policy, seeking to recover its out-of-pocket costs related to the "overburdened" septic system, damages from an alleged lost sale of the Property, and lost profits from its unrealized development plans for the Property. *Holman-Farrar Holdings, LLC v. Old Republic Nat'l Title Ins.,* No. 22-1401 (22nd Dist. Ct. Hays County, Tex. June 28, 2022), Dkt. 1-1 at 4-8. Old Republic denies that it breached the Policy, raises lack of cooperation and settlement without consent defenses, and asserts that Holman-Farrar's claimed damages are not covered under the Policy. Old Republic removed this case to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332. Dkt. 1.

## B. Procedure

The Court's Scheduling Order required Holman-Farrar to designate any experts under Rule 26(a)(2)(B) by July 31, 2023. Dkt. 12 ¶ 4. On that date, Holman-Farrar filed its Designations of Expert Witnesses, designating three expert witnesses: (1) Brian Walters, a business valuation consultant, to testify as to Holman-Farrar's financial losses from purchasing the Property; (2) Randy Posey, a property appraiser, to testify that the Encumbrance decreases the value of the Property; and (3) Patrick Brown, a real estate consultant, also to testify that the Encumbrance decreases the Property's value. Dkt. 13. Holman-Farrar attached the designated experts' CVs, but did not serve any of the other materials required by Rule 26(a)(2)(B).

Old Republic moved to exclude all three of Holman-Farrar's damage experts under Rule 37(c)(1) because Holman-Farrar did not supplement its designations as required by Rule 26(a)(2)(B). Dkt. 22. On January 15, 2024, this Magistrate Judge denied Old Republic's Motion to Exclude all three witnesses, finding that "allowing Holman-Farrar to serve their expert reports after the deadline will not unduly prejudice Old Republic because discovery does not close until January 29, 2024, and the District Court has not yet set the case for trial." Dkt. 25 at 5. Although this Magistrate Judge denied the Motion to Exclude, it ordered Holman-Farrar to serve on Old Republic the materials required by Rule 26(a)(2)(B) by January 31, 2024. *Id.* But Holman-Farrar did not comply with the Order and serve those materials by the deadline. Instead, Holman-Farrar filed Plaintiff's First Amended Designation of Expert Witnesses designating a new expert: Lezlee Liljenberg, a real estate consultant, to "testify about the duty of care due to Plaintiff, and breached by Defendant, with regard to the Title Insurance provided by Defendant." Dkt. 26 at 1. Holman-Farrar did not include the three previously designated experts (Walters, Posey, and Brown) in its First Amended Designation of Expert Witnesses. *Id.*

3

Old Republic now moves to exclude the testimony of Liljenberg as untimely under the Scheduling Order. Dkt. 29. Alternatively, Old Republic moves to exclude Liljenberg under Federal Rule of Evidence 702, arguing that she is not qualified as an expert in title insurance underwriting and her opinions are not reliable, helpful, or relevant. Holman-Farrar argues that Liljenberg should not be excluded under Rule 702 but does not respond to the timeliness argument.

## II.   Analysis

Rule 26(a)(2)(A) requires a party to disclose "the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705." If a party does not provide information or identify a witness as required by Rule 26(a)(2)(B), under Rule 37(c)(1), "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless that failure was substantially justified or is harmless." The court also may order alternative sanctions, such as awarding costs and attorneys' fees. FED. R. CIV. P. 37(c)(1)(A)-(C).

District courts consider four factors when determining whether to exclude expert evidence as a sanction for violation of a scheduling order. *Certain Underwriters at Lloyd's, London v. Axon Pressure Prods. Inc.*, 951 F.3d 248, 270 (5th Cir. 2020). These are: (1) the explanation for the failure to identify the information; (2) the importance of the information; (3) potential prejudice in allowing the information; and (4) the availability of a continuance to cure such prejudice. *Id.*

### 1. Explanation

As stated, Holman-Farrar was required to designate its experts by July 31, 2023. Dkt. 12 ¶ 4. It offers no explanation why it waited until six months after the deadline to designate Liljenberg. Holman-Farrar states that it designated Liljenberg on January 31, 2024, Dkt. 31 at 2, but that was not the deadline to designate experts. As explained above, this Magistrate Judge extended to that date only Holman-Farrar's deadline to serve Walters, Posey, and Brown's expert reports. The

Court did not extend the deadline to designate a new expert witness. Holman-Farrar's designation of Liljenberg was untimely, and Holman-Farrar does not explain its excessive tardiness. Accordingly, the first factor favors exclusion. *See 1488, Inc. v. Philsec Inv. Corp.*, 939 F.2d 1281, 1289 (5th Cir. 1991) (concluding that exclusion of expert witness "is particularly appropriate" when the party has "failed to provide an adequate explanation for their failure to identify their expert within the designated timetable").

### 2. Importance of Testimony

While Liljenberg's testimony appears to be important to Holman-Farrar's claims for damages, "the claimed importance of [the proponent's] expert testimony merely underscores the need for [the proponent] to have complied with the court's deadlines or at least informed the trial judge in advance if good faith compliance was not possible." *Barrett v. Atl. Richfield Co.*, 95 F.3d 375, 381 (5th Cir. 1996). This factor favors exclusion.

### 3. Prejudice

The timing of the disclosure results in prejudice "when, for instance, the opposing party must incur unreasonable additional costs that could have been avoided by an earlier disclosure, or the party is precluded under the scheduling order from developing and presenting rebuttal evidence." *Hoffman v. L & M Arts*, No. 3:10-CV-0953-D, 2013 WL 81578, at *2 (N.D. Tex. Jan. 8, 2013). The Court finds that designating an expert witness six months after the deadline would "disrupt[] the court's discovery schedule and the opponent's preparation." *Geiserman v. MacDonald*, 893 F.2d 787, 791 (5th Cir. 1990). Because discovery closed on March 14, 2024 (Dkt. 28), Old Republic would not have the opportunity to depose Liljenberg or seek discovery under the Scheduling Order. *See id.* (finding prejudice where defendant would be unable to prepare for and depose plaintiff's proposed experts before the discovery deadline). Even if the Court reopened

discovery, Old Republic would still have to incur additional expenses in preparing supplemental expert reports and deposing additional witnesses to respond to the newly designated expert. *Id.* This factor favors exclusion.

### 4. Continuance

The final factor is the possibility of a continuance. Old Republic could request an extension of the Scheduling Order deadlines to conduct new discovery and depose Liljenberg, but this would result in additional delay and increase the expense of defending this lawsuit. *Id.* at 792. "Moreover, a continuance would not deter future dilatory behavior, nor serve to enforce local rules or court imposed scheduling orders." *Id.* Given Holman-Farrar's past dilatory conduct, this factor also favors exclusion.

### III. Conclusion

For these reasons, Old Republic's Motion to Exclude Expert Testimony of Lezlee Liljenberg (Dkt. 29) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk **REMOVE** this case from this Magistrate Judge's docket and **RETURN** it to the docket of the Honorable David A. Ezra.

**SIGNED** on March 26, 2024.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE