UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| HOLMAN-FARRAR HOLDINGS, LCC, | § | No. 1:22-cv-937-DAE |
|     *Plaintiff,* | § | |
| | § | |
| | § | |
| vs. | § | |
| | § | |
| OLD REPUBLIC NATIONAL | § | |
| TITLE INSURANCE COMPANY, | § | |
| | § | |
|     *Defendant.* | § | |

<u>ORDER DENYING MOTION FOR RECONSIDERATION</u>

Before the Court is Plaintiff Holman-Farrar Holdings, LLC's ("Holman-Farrar") Motion for Reconsideration of the Court's Order Granting Summary Judgment, (Dkt. # 52), filed on November 8, 2024, (Dkt. # 55). On November 20, 2024, Defendant Old Republic National Title Insurance Company ("Old Republic") filed a Response to Plaintiff's Motion for Reconsideration. (Dkt. # 56.) On November 27, 2024, Holman-Farrar filed its reply. (Dkt. # 57.)

The Court finds this matter suitable for disposition without a hearing. After carefully considering the briefs filed in support of and against the motion, and the relevant law, the Court **DENIES** Holman-Farrar's Motion for Reconsideration (Dkt. # 55) for the following reasons.

1

BACKGROUND

This case involves a breach of contract action brought by Plaintiff Holman-Farrar against Defendant Old Republic.  (Dkt. # 42-2, Appx. at 8–11, 87.) In its suit, Holman-Farrar alleged Old Republic breached a title insurance policy by mishandling a claim based on two recorded instruments giving a neighboring landowner the right to use a septic system located on Holman-Farrar's property. (Id.)

On June 28, 2018, Holman-Farrar purchased a property comprised of two adjoining tracts (the "Property").  (Dkt. 1-1 at 5.)  Simultaneously, Holman-Farrar purchased an Owner's Policy of Title Insurance through Old Republic (the "Policy").  (Id. at 10.) (Dkt. # 42-2, Appx. at 56.)  Subject to its terms, the Policy indemnifies Holman-Farrar against defects in, or encumbrances on, its title to the Property up to the $4,150,000.00 amount of insurance. (Dkt. # 42-2, Appx. at 56, 58.)

In the summer of 2019, Holman-Farrar discovered the existence of a deed and reciprocal easement which granted the neighboring Crestwood property ("Crestwood") continuing use of the septic system on Holman-Farrar's property "only so long as the City of San Marcos is not furnishing sewer and water facilities to both of said tracts."  (Dkt. # 42-2, Appx. at 93–94, 116.)  Holman-Farrar

properly notified Old Republic of the two recorded instruments on or about February 3, 2020.  (Dkt. # 42-2, Appx. at 37.)

On March 20, 2020, Old Republic accepted coverage under the Policy for "certain rights reserved and/or granted" to Crestwood to use the Septic System in the recorded instruments (the "Encumbrance").  (Dkt. # 42-2, Appx. at 128.) Old Republic retained counsel, Fred Jones, for Holman-Farrar to attempt to resolve the covered title defect.  (Dkt. # 42-3, Appx. at 218–19.)

Despite attempts by Mr. Jones to remedy the situation and resolve the claim, Holman-Farrar hired its own local counsel who allegedly negotiated with the City of San Marcos for an extension of the sewer line to the Holman-Farrar and Crestwood properties.  (Dkt. # 45 at 7.)  Holman-Farrar was allegedly able to obtain a Developer Participation Agreement, in which the City of San Marcos agreed to reimburse Holman-Farrar up to $500,000 of the cost of bringing sewer services to those properties.  (Id.)  Through mediation arranged by its own local counsel, Holman-Farrar was able to obtain an agreement from UC2 Ltd. ("UC2"), the owners of Crestwood, that they would pay up to $225,000 of the cost of extending the sewer line to the properties.  (Dkt. # 42-2, Appx. at 40, 42.)

On these facts, Holman-Farrar asserted a breach of contract action based on Old Republic's alleged: (1) failure to locate the Recorded Instruments in its title search and disclose them to Holman-Farrar; and (2) failure to implement a

3

credible remedy in resolving the Encumbrance.  (Dkt. # 42-2, Appx. at 8–11, 87.)

Holman-Farrar sought to recover: (1) out-of-pocket costs related to the condition of

the Septic System; (2) out-of-pocket costs associated with the City sewer line

extension; (3) expenses associated with Holman-Farrar's settlement with

Crestwood; (4) attorneys' fees and expenses Holman-Farrar paid to Jon Peterson

and David Sergi; and (5) "lost opportunity" damages based on Holman-Farrar's

inability to develop the Property as it planned.  (Dkt. # 42-2, Appx. at 15–18, 88–

89, 92.)

On April 25, 2025, Defendant filed its Motion for Summary

Judgment.  (Dkt. # 42.)   In its Motion, Old Republic argued that summary

judgment was proper because (1) Holman-Farrar cannot establish any breach of the

title policy by Old Republic, and (2) Holman-Farrar cannot establish any damages

sustained as a result of any alleged breach of the title policy.  (Id. at 4.)  Old

Republic reasoned that Holman-Farrar could not establish breach because (a) Old

Republic had no duty to discover and disclose the deed and reciprocal easement to

Holman-Farrar; (b) Holman-Farrar failed to cooperate with Old Republic and

entered into a settlement without its prior consent; and (c) Old Republic could not

breach the title policy by refusing to pay for alleged losses that were not payable

under the policy terms.  (Id. at 4.)  Moreover, Holman-Farrar could not establish

damages because (a) Holman-Farrar cannot adduce competent evidence of the fact

or amount of any damages recoverable from Old Republic; (b) the alleged damages
Holman-Farrar claims are not payable under the title policy and/or are explicitly
excluded or limited by the title policy's terms; and (c) there is no evidence of any
covered or payable damage or loss under the title policy.  (Id.)

        In its Order Granting Summary Judgment, the Court held that
Holman-Farrar failed to point to material facts that could create a genuine dispute
regarding either the breach or the damages element of its claim.  (Dkt. # 52 at 10,
14.)  Specifically, with respect to breach, the Court found that Holman-Farrar
pointed to no provision in the Policy that obligates Old Republic to discover and
disclose the Encumbrance, (Id. at 8), and that Holman-Farrar failed to put forward
facts to rebut the non-cooperation allegations asserted by Old Republic, (Id. at 9).
With respect to damages, the Court held that the damages sought by Holman-Farrar
were not payable under the Policy.  (Id. at 10–14.)  Moreover, Holman-Farrar had
not provided evidence of "any diminution in the value of the Property" as a result
of the Encumbrance, "the post-agreement expenses related to the settlement," or
"the costs [Holman-Farrar] [had] incurred in connection with any curative efforts."
(Id.)  Thus, the Court reasoned, Holman-Farrar failed to meet its burden on the
damages element as well.  (Id.)  Accordingly, the Court granted Old Republic's
Motion for Summary Judgment.  (Dkt. # 52 at 15.)

5

On November 8, 2024, Holman-Farrar filed a Motion for

Reconsideration (the "Motion"), asking the court to reconsider its grant of

summary judgment.  (Dkt. # 55.)

## LEGAL STANDARD

"[T]he Federal Rules of Civil Procedure do not recognize a general

motion for reconsideration."  St. Paul Mercury Ins. v. Fair Grounds Corp., 123 F.3d

336, 339 (5th Cir. 1997).  Rather, courts treat such motions as motions pursuant to

either Rule 54(b), 59(e), or 60 depending on when the motion is brought and the

type of order that the party asks the Court to reconsider.  See, e.g., id. (treating a

motion to reconsider as a motion pursuant to Rule 59(e)). "A motion asking the

[C]ourt to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule

59(e) . . . [when] filed within twenty-eight days after the entry of judgment."

Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 n.2 (5th Cir. 2012).  Here,

Holman-Farrar's Motion was filed exactly 28 days after the entry of the order

granting summary judgment.  (Dkt. # 55.)  Accordingly, the Court will apply Rule

59(e) to the Motion for Reconsideration.

"A Rule 59(e) motion calls into question the correctness of a

judgment."  Templet v. Hydrochem, Inc., 367 F.3d 473, 478 (5th Cir. 2004).

"Under Rule 59(e), amending a judgment is appropriate (1) where there has been

an intervening change in the controlling law; (2) where the movant presents newly

discovered evidence that was previously unavailable; or (3) to correct a manifest error of law or fact." Lyles v. Medtronic Sofamor Danek, USA, Inc., 871 F.3d 305, 311 (5th Cir. 2017) ("A manifest error is an error that is plain and indisputable, and that amounts to a complete disregard of the controlling law.").

Rule 59(e), however, is "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before entry of judgment." Templet, 367 F.3d at 478. The Court must balance two competing interests in ruling on a motion to reconsider: "(1) the need to bring litigation to an end; and (2) the need to render just decisions on the basis of all the facts." Id. at 479. Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." Id. at 478–79.

## DISCUSSION

In its Motion for Reconsideration, Holman-Farrar first asserts that "new evidence was obtained that changes the basis upon which the Court's decision was made." (Dkt. # 55 at 1.) As such, Holman-Farrar argues, the Court should review its prior grant of summary judgment. (Id. at 6.)

In addition to this new evidence, Holman-Farrar also points to two alleged errors in the Court's summary judgment order. (Id. at 5.) According to Holman-Farrar, while the Court's Order noted that Holman-Farrar failed to respond to two of Old Republic's arguments in support of its Motion for Summary

Judgment, Holman-Farrar did respond to those arguments. (Id.) In noting these two alleged responses, Holman-Farrar provides no legal standards by which the Court is to judge its argument. Holman-Farrar appears to argue the Court made a "manifest error of law or fact," and so the Court will construe the arguments as such. Demahy, 702 F.3d at 182.

The Court will first analyze Holman-Farrar's argument regarding newly discovered evidence and will subsequently turn to Holman-Farrar's arguments regarding any manifest error of law or fact.

I.    Newly Discovered Evidence

In its Motion for Reconsideration, Holman-Farrar argues that the existence of "new evidence" warrants reconsideration of the Court's Order Granting Summary Judgment. (Dkt. # 55 at 6.) On September 13, 2024, the Encumbrance "at the heart of Holman-Farrar's suit" was released by UC2, and on September 18, 2024, the Release and Termination of Septic System and Water Well Grant and Reservation and Reciprocal Easement Agreement (the "Release") was filed in the Hays County Deed Records. (Id. at 2.) This evidence was not available before the briefings related to Old Republic's Motion for Summary Judgment were filed. (Id. at 3.) Moreover, according to Holman-Farrar, "the Court relied on the Encumbrance[] still be [sic.] operative as a reason to grant the Motion for Summary Judgment." (Id. at 6.) The fact that the Encumbrance has now been

resolved, Holman-Farrar argues, will allow the Court to "accurately assess the damages sustained by Holman-Farrar" as a result of Old-Republic's alleged breach. (Id. at 4.)

The Fifth Circuit has held that, when a motion to reconsider is based on an alleged discovery of new evidence, the motion "should be granted '*only* if (1) the facts discovered are of such a nature that they would probably change the outcome; (2) the facts alleged are actually newly discovered and could not have been discovered earlier by proper diligence; and (3) the facts are not merely cumulative or impeaching.'" Adger v. TA Operating, L.L.C., No. 24-30530, 2025 WL 1276406, at *6 (5th Cir. May 2, 2025) (per curiam) (quoting Johnson v. Diversicare Afton Oaks, LLC, 597 F.3d 673, 677 (5th Cir. 2010); Ferraro v. Liberty Mut. Fire Ins. Co., 796 F.3d 529, 534 (5th Cir. 2015); Infusion Res., Inc. v. Minimed, Inc., 351 F.3d 688, 696 (5th Cir. 2003) (citing English v. Mattson, 214 F.2d 406, 409 (5th Cir. 1954)).

Here, the evidence identified by Holman-Farrar is not "newly discovered," nor is it of such a nature that it "would probably change the outcome" of the Court's ruling. First, although the Encumbrance was released by UC2 and the Release indicating such was filed after the parties submitted their briefings on Old Republic's Motion for Summary Judgment, both of these pieces of evidence

were available to Holman-Farrar well before the Court's entry of judgment.[1]

Despite having these new pieces of information, though, Holman-Farrar did not

seek the Court's permission to supplement its Response to Old Republic's Motion

for Summary Judgment prior to the Court's Order, nor did it seek additional time.

Thus, Holman-Farrar's evidence is not actually "newly discovered" and cannot

support a Motion for Reconsideration.  See Adger, 2025 WL 1276406, at *7

(finding evidence obtained after summary judgment briefing had closed but a

month and a half before the district court's grant of summary judgment to not be

"new evidence"); Templet, 367 F.3d at 479 ("[A]n unexcused failure to present

evidence available at the time of summary judgment provides a valid basis for

denying a subsequent motion for reconsideration.").

        Second, even if this evidence is properly considered "newly

discovered," the evidence would not change the outcome of summary judgment,

thereby defeating Holman-Farrar's Motion for Reconsideration on this factor

alone.  In its Motion, Holman-Farrar argues that, in granting summary judgment,

the Court "noted that 'there is no evidence that the Encumbrance has been cured.'"

---

[1] The Encumbrance was released on September 13, 2024, and the Release was filed
on September 18, 2024.  (Dkt. # 55 at 2.)  The Court did not enter its Order
Granting Summary Judgment until October 11, 2024, which is 28 days after the
Encumbrance was released and 23 days after the Release was filed.  (Dkt. # 52.)
While Holman-Farrar repeatedly asserts in its Reply to Defendant's Response to
Plaintiff's Motion for Reconsideration that the Release was not available at the
time the Order was issued, this assertion is patently incorrect.  (Dkt. # 57.)

(Dkt. # 55 at 4.)  According to Holman-Farrar, because the Encumbrance has now been cured, "this concern is resolved."  (Id.)  Holman-Farrar misunderstands the Court's Order.

In granting summary judgment, the Court held that with respect to damages related to the Crestwood settlement, the Policy "does not provide" for such damages because it explicitly states that Old Republic would not be liable for loss or damage "voluntarily assumed by the Insured in 'settling any claim or suit without the prior written consent of the company.'"  (Dkt. # 52 at 12.)  Moreover, the Court stated, "Holman-Farrar has not offered evidence for the post-agreement expenses related to the settlement."  (Id.)  The Release does not disturb either of these findings.  While the Court noted that there was a no evidence that the Encumbrance had been "cured," the Court's ruling did not turn on this fact.  (See Dkt. # 52 at 12.)  Accordingly, the Encumbrance being cured, as evidenced by the Release, would not change the outcome of the Court's decision to grant summary judgment.

All the more fatal to Holman-Farrar's argument, however, is that the Release in no way calls into question the Court's findings on the breach element of Holman-Farrar's claim.  To prevail on a breach of contract claim, the plaintiff must establish: (1) a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained by the

plaintiff as a result of the breach.  Marquis Acquisitions, Inc. v. Steadfast Ins. Co., 409 S.W.3d 808, 813 (Tex. App.—Dallas 2013, no pet.).  In its Order Granting Summary Judgment, the Court held that Holman-Farrar failed to point to material facts that could create a genuine dispute regarding a breach, a necessary element of its claim.  (Dkt. # 52 at 10.)  Therefore, even if the Release could somehow create a genuine dispute regarding the damages element, it does not and cannot disturb the Court's grant of summary judgment because it does not impact the other basis for the Court's ruling.

Therefore, because Holman-Farrar's evidence is not "newly discovered" and as it would not "probably change the outcome" of the Court's ruling, reconsideration is not appropriate.  Adger, 2025 WL 1276406, at *6.[2]

---

[2] The Court notes that Holman-Farrar urges the Court to instead analyze its argument under the four factors outlined in Templet, 367 F.3d at 478.  The Templet factors have been updated since that case and include: (1) the probative value of the evidence; (2) whether the evidence was available to the movant at the time of the summary judgement motion; (3) the reason the movant did not present the evidence before summary judgment was effectively granted; and (4) potential prejudice to the nonmovant.  Luig v. North Bay Enters., Inc., 817 F.3d 901, 906 (5th Cir. 2016) (citing to Templet, 367 F.3d at 478).  While some courts have applied the four-factor test in determining whether to grant a motion for reconsideration, the Fifth Circuit has noted that these factors are merely "illustrative."  Adger, 2025 WL 1276406, at *6, n.5; ICEE Distributors, Inc. v. J & J Snack Foods Corp., 445 F.3d 841, 848 (5th Cir. 2006).  Regardless, however, even if this four-factor test is applied to the case at hand, the Court's analysis and ultimate determination would not change.  As the Court previously explained, the "new evidence" Holman-Farrar identifies has no probative value to the moving party's case as it does not disturb any of the Court's bases for granting summary judgment.  Compare In re Louisiana Crawfish Producers, 852 F.3d 456, 466–67

II.    <u>Manifest Error of Law or Fact</u>

Holman-Farrar also asserts through its Motion that the Court erred when it noted Holman-Farrar's lack of response to two arguments made by Old Republic in its Summary Judgment Motion.  (Dkt. # 55 at 5.)  Specifically, Holman-Farrar claims that it did not fail to rebut the argument that Old Republic had no duty to discover and disclose the recorded instruments comprising the Encumbrance.  (<u>Id.</u>)  Additionally, Holman-Farrar alleges that it similarly had rebutted the argument that Old Republic was "not provided with 'information on the cost of the City sewer extension.'"  (<u>Id.</u>)  Both of these arguments, to the extent they suggest that the Court made a manifest error of law or fact, are without merit.

A.    <u>Duty to Discover and Disclose</u>

In its Order Granting Summary Judgment, the Court noted that Holman-Farrar had not responded to Old Republic's argument that it was under no duty to discover and disclose the Recorded Instruments to Holman-Farrar.  (Dkt.

_____

(5th Cir. 2017) (finding the plaintiffs' new evidence to be clearly probative because if the district court had considered the new evidence, the plaintiffs would have defeated summary judgment).  Moreover, Holman-Farrar has failed to provide any reason for why it did not present the evidence to the Court before summary judgment was granted, which was nearly one-month after the release of the Encumbrance.  <u>See</u> <u>Adger</u>, 2025 WL 1276406, at *7 (finding that the alleged "new" evidence was not "actually newly discovered" when it existed after the parties submitted briefings on summary judgment but before the court issued its order).  The other two factors will not carry the day.  Accordingly, even when balancing the four factors outlined in <u>Luig</u>, the Court does not find reconsideration to be appropriate on the basis of this evidence.

# 52 at 8.)[3]  Holman-Farrar argues in its Motion, however, that it did respond to this argument.  (Dkt. # 55 at 5.)  According to Holman-Farrar, it rebutted this argument in paragraphs 24(a) and 27(a) of its Response to Defendant's Motion for Summary Judgment ("Response").  (Id.)  However, neither paragraph referenced by Holman-Farrar offers any rebuttal to this specific argument.

Paragraph 24(a) of Holman-Farrar's Response discusses the requirement under the Policy that Old Republic promptly investigate and take action to resolve any encumbrance not excluded from the coverage of the Policy. (Dkt. # 45 at 14–15.)  The paragraph asserts a breach of contract on this basis but does not in any way address the argument that Old Republic was not under a duty to discover and disclose the Encumbrance in the first instance.  (Id.)  Paragraph 27(a) is similarly nonresponsive.  (Id. at 17.)  Paragraph 27(a) argues that the Encumbrance was a "title defect" and thereby covered under the Policy, (Id.), a fact

---

[3] In its Order, the Court held that a title insurance company, like Old Republic, is not a title abstractor and as such, owes no duty to examine title.  See, e.g., Hahn v. Love, 394 S.W.3d 14, 35 (Tex. App.— Houston [1st Dist.] 2012, pet. denied) ("the only duty imposed by a title insurance policy is the duty to indemnify the insured against losses caused by defects in title"); Martinka v. Commonwealth Land Title Ins. Co., 836 S.W.2d 773, 777 (Tex. App.—Houston [1st Dist.] 1992, writ denied) ("A title insurance company is not a title abstractor and owes no duty to examine a title" or "point out any outstanding encumbrances.").  In addition to noting the lack of response by Holman-Farrar to Old Republic's argument, the Court stated that Holman-Farrar failed to point to a provision in the Policy that put an obligation on Old Republic to discover and disclose the Recorded Instruments.  Therefore, the Court found, to the extent that the breach of contract claim relied on a duty to disclose, that theory was foreclosed by the Policy.

that Old Republic did not dispute, (See Dkt. # 48 at 5).  Again, this paragraph does not respond to any argument that Old Republic could not breach the Policy by failing to discover and disclose the Encumbrance.  (Dkt. # 45 at 17.)  Accordingly, to the extent that Holman-Farrar claims that the Court was incorrect in its assertion that "Holman-Farrar [had] not responded to this argument," the Court disagrees.

Furthermore, to the extent that Holman-Farrar argues that these paragraphs should have been taken into consideration more generally in determining whether a breach occurred, such an argument must fail because a motion for reconsideration is not an appropriate means to relitigate issues. Templet, 367 F.3d at 479; see also Freeport-McMoran Sulphur LLC v. Mike Mullen Energy Equip. Res., Inc., No. CIV.A. 03-1496, 2004 WL 1488665, at *1 (E.D. La. June 30, 2004) ("It is settled [] that a motion to reconsider is not to re-debate the merits of a particular motion.").  The Court considered the parties' briefings and summary judgment evidence and made its ruling.  (Dkt. # 52 at 1.)  Holman-Farrar cannot now seek to rehash arguments raised before entry of judgment through its motion.[4] Templet, 367 F.3d at 478.

---

[4] While Holman-Farrar claims it does not seek to "reargue the points," (Dkt. # 57 at 3), the substance of Holman-Farrar's argument reveals that it is aiming to do just that, (See Dkt. # 55 at 5).  In its Motion, Holman-Farrar asserts it had rebutted the argument that Old Republic had no duty to discover and disclose the Encumbrance, but Holman-Farrar itself characterizes the paragraphs cited in support as "noting that the breach was not just a duty to disclose, but rather Old Republic's refusal to cover the undisclosed, and more importantly, unexempted Encumbrance[]." (Id. at

B.    <u>Information on the Cost of the City Sewer Extension</u>

Finally, Holman-Farrar argues that, while the Court's Order states that Holman-Farrar failed to rebut the argument that Old Republic was not provided with information on the cost of the City sewer extension, Holman-Farrar in fact did so.  (Dkt. # 55 at 5.)  In its Motion for Summary Judgment, Old Republic claimed that Holman-Farrar's non-cooperation and settlement with UC2 without its consent interfered with Old Republic's ability to resolve the Encumbrance, thereby relieving it of any further liability.  (Dkt. # 42 at 14–15.)  Old Republic further argued that it was deprived of information, including the anticipated costs of the City sewer connection, which would have enabled it to evaluate and potentially choose one or more of its other Policy options to resolve the claim.  (<u>Id.</u>)  In its Order, the Court stated that Holman-Farrar did not rebut these allegations, "[s]pecifically" noting that Holman-Farrar "failed to point to any facts within the record that [it] provided Old Republic with information on the cost of the City sewer connection."  (Dkt. # 52 at 9.)  Holman-Farrar, however, argues that it did actually rebut this argument in Paragraph 20(f) of its Response, contrary to the Court's conclusion.  (Dkt. # 55 at 5.)

---

5.)  This argument is merely a reiteration of an argument previously raised by Holman-Farrar in its summary judgment briefings, (Dkt. # 45 at 13–17), and already considered and ruled on by the Court, (Dkt. # 52 at 7–10).

Paragraph 20(f) of Holman-Farrar's Response states that Holman-Farrar "attempted to share information with Old Republic but was told the information was not applicable to covered events."  (Dkt. # 45 at 12.)  In support of this assertion, Holman-Farrar cited to a deposition transcript of over 100 pages.  (Id., citing to Dkt. # 45-15.)  In referencing the deposition, Holman-Farrar gave no page or line citations.  (Dkt. # 45 at 12.)  Paragraph 20(f) goes on to further state that "information was provided" to the attorney Old Republic had hired, which was ostensibly then shared with Old Republic.  (Id.)  This statement is supported by a general citation to four exhibits: the 103-page deposition transcript cited previously, a 114-page deposition transcript, an email from Old Republic to Holman-Farrar's attorney, and a chain of emails between Old-Republic and the attorney Old-Republic hired to attempt to resolve the covered title defect.  (Id., citing to Dkts. ## 45-15, 45-16, 45-17, 45-18.)  Here, the Court does not find that the cited evidence supports Holman-Farrar's assertion.

First, the two email exhibits cited by Holman-Farrar do not contain the evidence Holman-Farrar claims.  Exhibit 17 is an email from Martha King, the claims attorney Old Republic assigned to Holman-Farrar's case, (Dkt. # 42-2, Appx. at 126), and Jon Peterson, the local counsel hired by Holman-Farrar, (See Dkt. # 45-17).  King's email ostensibly responds to a number of requests by Holman-Farrar for Old Republic to cover certain fees and costs.  (Dkt. # 45-17.)

17

Those fees and costs included (1) attorney's fees and (2) expenses "related to the repair and/or maintenance of the septic system." (Id. at 1.) Neither of these identified fees and costs include the "cost of the City sewer connection." While the email does state that "the Insured's cost to connect to the City's sewer line is not a matter covered by the policy," there is no evidence in the cited exhibit that such costs had been actually shared with Old Republic, which is the contention at issue. (Id. at 2.)

The second email exhibit cited by Holman-Farrar, Exhibit 18, fares no better. Exhibit 18 is a chain of emails between Martha King and Fred Jones, the attorney Old Republic hired to resolve the title defect, (Dkt. # 42-3, Appx. at 218–19). (Dkt. # 45-18.) The emails reference the potential extension to the City sewer and state that Holman-Farrar indicated a possible timeline for the project, but they do not mention that the costs of such a project have been shared. (See id.) Indeed, the only costs mentioned in Exhibit 18 are pumping and maintenance costs, which are a category of expenses distinct from the cost of the City sewer connection. (See Dkt. # 42 at 13–14; Dkt. # 45-16.) Therefore, inasmuch as Holman-Farrar argues that the citation to these two email exhibits in its Response "point[s] to [] facts within the record that [Holman-Farrar] provided Old Republic with information on the cost of the City sewer connection," the Court disagrees. (Dkt. # 52 at 9.)

18

Second, the Court finds that the two deposition transcript exhibits cited by Holman-Farrar do not support Holman-Farrar's argument either.  To survive summary judgment after the moving party has met its initial burden, the non-moving party must "designate 'specific facts showing that there is a genuine issue for trial.'"  Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (U.S. 1986).  Indeed, the non-moving party is required to not only "identify specific evidence in the record" but also "to articulate the precise manner in which that evidence supports their claim."  Wills v. Cleco Corp., 749 F.3d 314, 317 (5th Cir. 2014) (cleaned up).  Moreover, in assessing a summary judgment motion, the Court does not have "a duty to sift through the record in search of evidence to support a party's opposition to summary judgment."  Ragas v. Tenn. Gas Pipeline Co., 136 F.3d 455, 457 (5th Cir. 1998); Carr v. Air Line Pilots Ass'n, Int'l, 866 F.3d 597, 601 (5th Cir. 2017).  In its Order Granting Summary Judgment, the Court concluded that Holman-Farrar "failed to point to any facts within the record that [it] provided Old-Republic with information on the cost of the City sewer connection."  (Dkt. # 52 at 9.)  Citing to two deposition transcripts that are each over 100 pages in length does not "point to any facts within the record," much less "identify specific evidence" and "articulate the precise manner in which that evidence" supports the asserted claim.  Cleco Corp., 749 F.3d at 317.  The Court

therefore finds that any assertion by Holman-Farrar that the Court made a manifest error in so concluding is without merit.

In rendering this finding, the Court is guided by the holdings of the Fifth Circuit.  The Fifth Circuit has repeatedly pointed out that reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." Templet, 367 F.3d at 478; Molina v. Equistar Chemicals LP, 261 Fed. Appx. 729, 733 (5th Cir. 2008); Adger, 2025 WL 1276406, at *6.  With respect to this third contention, Holman-Farrar's Motion provides only that "Holman-Farrar had rebutted Old-Republic's argument" and that it "had further provided Old Republic with the information both in discovery and in [Holman-Farrar's] Response."  (Dkt. # 55 at 5.)  These unsupported conclusory statements are insufficient to justify such "an extraordinary remedy."

Finding that Holman-Farrar has failed to show there has been any change in the controlling law, newly discovered evidence that was previously unavailable, or a manifest error of law or fact that would justify reconsideration of the Court's previous Order, the Court **DENIES** its motion.  Demahy, 702 F.3d at 182.

<u>CONCLUSION</u>

For the reasons stated above, the Court **DENIES** Plaintiff Holman-Farrar's Motion for Reconsideration.  (Dkt. # 55.)

**IT IS SO ORDERED.**

**DATED**: Austin, TX, September 17, 2025

_____
David Alan Ezra
Senior United States District Judge